**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DEBORAH BRUMIT and ANDREW SIMPSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| THE CITY OF GRANITE CITY, ILLINOIS, | ) ) ) ) |
| Defendant. | ) |

Case No. 19-cv-1090-SMY-RJD

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 8). Plaintiffs request a temporary injunction enjoining the City of Granite City, Illinois from enforcing its compulsory-eviction law, Granite City Mun. Code §§ 5.142.010 *et seq.*, against Plaintiffs, from taking any steps to remove Plaintiffs Deborah Brumit and Andrew Simpson from their home, and from taking any steps against Plaintiffs' landlord for declining to evict Plaintiffs. For the following reasons, the Application for Temporary Restraining Order is **GRANTED**.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed.R.Civ.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S.

825, 845 (1994). A party seeking a TRO bears the burden of showing that it is "reasonably likely to succeed on the merits[,] is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest" *Joelner v. Vill of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004) (referring to preliminary injunction).

As to the first element, Plaintiffs need only demonstrate that they have a "better than neglible" chance of succeeding on the merits. *Ty Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). Plaintiffs allege that the City's compulsory-eviction law targets individuals who are too poor to qualify for traditional mortgages in violation of the Equal Protection Clause. They also assert that the City intends to evict Plaintiffs from their home for a crime committed by someone else, in violation of the Due Process Clause. Based on these allegations, the Court finds that Plaintiffs' Complaint demonstrates a "better than neglible" likelihood of success on the merits for purposes of a TRO.

The remaining threshold requirements—irreparable harm, lack of an adequate remedy at law, and public interest – tend to merge. *See Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984). That is because as "[a]n injury is 'irreparable' when it is of such a nature that the injured party cannot be adequately compensated in damages or when damages cannot be measured by any pecuniary standard." *Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1120 (7th Cir. 1997); *see also Girl Scouts of Manitou Council, Inc. v. Girls Scouts of the United States, Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008).

Here, Plaintiffs contend the potential loss of their home constitutes irreparable harm for which there is no adequate remedy at law. The Court agrees. *See United Church of the Med. Ctr. v. Med. Ctr. Comm'n*, 689 F.2d 693, 701 (7th Cir. 1982) (noting that "a given piece of

property is considered to be unique, and its loss is always an irreparable injury."). There can be no adequate remedy at law for the loss of a home; particularly in this instance where Plaintiffs are living paycheck to paycheck and caring for their two minor grandchildren ages three years and 18 months old. If the City evicts them, Plaintiffs and their grandchildren face imminent homelessness. Plaintiffs are poor and do not have the resources to immediately rent another property. These factors weigh in favor of the issuance of a TRO.

That said, the Court must weigh the irreparable harm that Plaintiffs will endure without the protection of a TRO against any irreparable harm the City will suffer if the Court were to grant the requested relief. *See Girl Scouts of Manitou Council, Inc.*, 549 F.3d at 1086. Whatever harm the City will suffer from being enjoined from evicting Plaintiffs pales in comparison to the loss of one's home.

Finally, given the constitutional rights involved, the Court declines to require Plaintiffs to post a security under Rule 65(c). *See Copeland v. City of E. Chicago, IN,* 2007 WL 1232215, at *4 (N.D. Ind. 2007) (declining to require plaintiffs to post a bond in constitutional rights case); *Ogden v. Marendt,* 264 F.Supp.2d 785, 795 (S.D. Ind. 2003); *Smith v. Board of Elections Comm'rs for Chicago,* 591 F.Supp. 70, 71-72 (N.D.Ill.1984).

## Conclusion

For the foregoing reasons, Plaintiffs' Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 8) is **GRANTED in part**. To preserve the status quo until a hearing on Plaintiffs' Motion for Preliminary Injunction is conducted, the Court **ISSUES** the following Temporary Restraining Order:

> The City of Granite City, Illinois, its agents, servants, employees, attorneys, and all persons acting in concert and participation with them, are hereby **ENJOINED** and **PROHIBITED** from enforcing the City's compulsory-eviction law, Granite City Mun. Code §§ 5.142.010 *et seq.* against Plaintiffs Deborah Brumit and

Andrew Simpson, from taking any action to remove Plaintiffs Brumit and Simpson from their home, and from taking any action against Plaintiffs' landlord for declining to evict Plaintiffs.

In accordance with Federal Rule of Civil Procedure 65(b)(2), **this TRO shall expire on October 23, 2019 at the time reflected on the notice of electronic filing ("NEF"), unless extended by further order of the Court.** Plaintiffs' Motion for Preliminary Injunction is hereby set for hearing on October 23, 2019, at 10:00 a.m. in the Benton Courthouse before the undersigned Judge.

**IT IS SO ORDERED.**

**DATED: October 9, 2019**

**STACI M. YANDLE**
**United States District Judge**