IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH BRUMIT and ANDREW SIMPSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) Case No. 19-cv-1090-SMY |
| THE CITY OF GRANITE CITY, ILLINOIS, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Following entry of judgment in its favor, Defendant Granite City, Illinois filed a Bill of Costs seeking $5,834.26 in costs against Plaintiffs (Doc. 150). Plaintiffs filed a timely objection to the Bill of Costs (Doc. 152). For the following reasons, Defendant's Bill of Costs is **DENIED**.

The Court entered an order on the parties' cross-motions for summary judgment on September 15, 2022, granting Defendant's motion and denying Plaintiffs' motion (Doc. 148). Consistent with the Order, a Judgment was entered the same day, dismissing Plaintiffs' claims against Defendant with prejudice and closing the case (Doc. 149).

Federal Rule of Civil Procedure 54(d) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs - - other than attorney's fees - - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Rule 54(d) creates a presumption that the prevailing party will recover costs. *See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988) *citing Delta Airlines, Inc. v. Colbert*, 692 F.2d 489, 490 (7th Cir. 1982). Thus, the Court must award costs unless it states good reasons for denying them.

*Id. citing Coyne-Delaney, Inc. v. Capital Development Board*, 717 F.2d 385, 392 (7th Cir. 1983). Absent some showing of bad faith or the deliberate adoption of a course of business dealings calculated to unduly prolong or increase the cost of litigation, the penalty of denial or apportionment of costs under Rule 54(d) should be imposed only for acts or omissions on the part of the prevailing party in the actual course of litigation. *Popeil Bros. v. Schick Elec., Inc.*, 516 F.2d 772, 775-776 (7th Cir. 1975) *citing Chicago Sugar Co.*, 176 F.2d at 11.

Here, Defendant engaged in a various practices which are indicative of bad faith and which both prolonged the litigation and increased the costs involved:

- Defendant issued a subpoena to Children's Home & Aid Society and then filed a Motion for Records from both Children's Home & Aid Society and the Department of Children and Family Services (who was never subpoenaed). As Magistrate Judge Daly concluded, the motion was "both procedurally and substantively flawed." (Doc. 127). From the procedural standpoint, Defendant "failed to identify any federal rule or authority on which it is relying that would permit the relief it seeks. (*Id.* at pp. 7, 8). From the substantive standpoint, Defendant's demand for records amounted to nothing more than "an impermissible fishing expedition." (*Id.* at p. 8).

- Defendant issued a subpoena to Gateway Regional Medical Center in June 2021 seeking any and all medical records for a non-party, Tori R. Gintz, for a ten (10) day period. (Doc. 95-1). The Medical Center denied the request. (Doc. 95-1 at p. 9). Defendant did not file a motion for a court order to obtain the records against the Medical Center until three (3) months later. (Doc. 95) and failed to notify the Medical Center or Tori Gintz about the pending motion. (Doc. 110). Magistrate Judge Daly concluded that the motion was a "peculiar" filing and was "procedurally and substantively flawed." (Doc. 127). She found that Defendant failed to identify any federal rule or authority to permit the relief they requested and failed to notify the Medical Center of the motion. She also questioned the timing of the motion since Defendant waited months to file the motion until just a few weeks before the discovery deadline. And she concluded that Defendant's definition of relevance was not in accordance with Federal Rules. (*Id.*).

- Defendant issued a subpoena to a third-party to produce material, for which Plaintiffs had asserted work-product protection, without providing prior notice of the subpoena to be served on Plaintiffs, in violation of Fed. R. Civ. P. 45 (Doc. 152-4).

- Defendant issued a myriad of discovery requests, including requests for production of communications between Plaintiffs and her daughter (Tori R. Gintz) and her daughter's ex-boyfriend. Plaintiffs objected that the requests were overbroad and burdensome, and Defendant filed motions to compel. (Docs. 105, 117). Judge Daly denied the motions as "cumulative or duplicative" and "neither relevant nor proportional to the needs of this case." (Doc. 127).

- Defendant filed a motion seeking to stay discovery and cancel certain depositions of Defendant's representatives, asserting that further discovery was not warranted. Nevertheless, Defendant subsequently served several supplemental discovery requests on Plaintiffs and subpoenaed three additional non-party depositions. Two of the three non-party depositions were ultimately completed.

- After Defendant moved for summary judgment, the depositions of Mike Parkinson, Timothy Bedard, and the City's 30(b)(6) witness were completed. Defendant ordered expedited transcripts of these depositions. (Doc. 150-1 at pp. 9, 10, 11) which were not utilized by Defendant for purposes of any additional filings with the Court.

- Defendant incurred expenses associated with depositions of two non-parties that were taken after Defendant had moved for summary judgment and after Defendant had filed its motion to stay on the grounds that no further discovery was necessary. (Doc. 150-1).

In sum, Defendant undertook unnecessary discovery, encumbered the record with unnecessary motions and discovery issues, and ultimately prolonged the course of the litigation while increasing the costs involved.

For the foregoing reasons, Defendant Granite City's Bill of Costs (Doc. 150) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  October 20, 2022**

**STACI M. YANDLE**
**United States District Judge**