IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH BRUMIT and ANDREW SIMPSON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 19-cv-1090-SMY |
| THE CITY OF GRANITE CITY, ILLINOIS, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (Doc. 161), which Defendant opposes (Doc. 163). For the following reasons, the motion is **DENIED**.

## Background

Plaintiffs Deborah Brumit and Andrew Simpson filed a four-count Complaint against Defendant Granite City alleging various constitutional violations related to Granite City's compulsory-eviction law (Doc. 1). On February 9, 2021, the Court entered an order dismissing three of the four counts (Doc. 59). The parties then filed cross motions for summary judgment (Docs. 76-79, 125). On September 15, 2022, the Court granted summary judgment in favor of Granite City and denied summary judgment for the Plaintiffs (Doc. 148). Plaintiffs appealed to the Seventh Circuit (Doc. 153).

On June 16, 2023, the Seventh Circuit entered an Order finding Plaintiffs' claims moot, vacating this Court's Judgment and remanding the case with instructions to dismiss for lack of justiciable controversy (Doc. 162-1). Plaintiffs' Petition for Rehearing was denied, and the Seventh Circuit issued its Mandate on August 15, 2023 (Docs. 162-3, 162).

On the same day the Seventh Circuit's Mandate issued, Plaintiffs filed with this Court a Motion for Leave to Amend Complaint with this Court (Doc. 161). Plaintiffs assert that a request for actual damages may yield a different result, and seek leave to add a prayer for compensatory damages totaling $19.00 "or, in the absence of sufficient proof to support an award of compensatory damages, nominal damages". Granite City opposes the motion and requests that this Court dismiss the matter as moot consistent with the Seventh Circuit mandate (Doc. 163).

## Discussion

The mandate rule requires a lower court to adhere to the commands of a higher court on remand. *Carmody v. Board of Trustees of University of Illinois*, 893 F.3d 397, 407 (7th Cir. 2018). "The mandate rule may give way 'in light of subsequent factual discoveries or changes in the law.'" *Id.* citing *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005). Here, the Seventh Circuit's mandate is clear:

> "This case therefore is moot. The district court's judgment is vacated, and the case is remanded with instructions to dismiss for lack of a justiciable controversy. See *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)."

(Doc. 162-1 at p. 5).

Plaintiffs proffer no subsequent factual discoveries or changes in the law that would provide this Court with any basis to not adhere to the specific commands of the Seventh Circuit's mandate to dismiss this case for lack of a justiciable controversy.

Even if this Court was to entertain Plaintiff's request as outside the scope of the mandate rule, their request runs afoul of Federal Rule of Civil Procedure 16(b)(4). Under that Rule, a party seeking to amend a pleading after the scheduling order deadline has expired must show "good cause." Fed. R. Civ. Pro. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*,

831 F.3d 815, 832 (7th Cir. 2016) *citing Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005). "With a late motion for leave to amend, the 'underlying concern is the prejudice to the defendant rather than simple passage of time.'" *Id. citing McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014).

Here, Plaintiffs' request to amend comes over four years into litigation and only after the Seventh Circuit determined the case was moot. Plaintiffs had adequate opportunities throughout the pendency of litigation to seek leave to amend their complaint to include compensatory damages but did not do so. As such, they have not shown "good cause" or exercised "diligence" in seeking leave to amend their complaint after the scheduling order deadline had expired. *See* Fed. R. Civ. Pro. 16(b)(4).

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend Complaint (Doc. 161) is **DENIED**. In accordance with the Mandate of Seventh Circuit Court of Appeals (Doc. 162), the Clerk's Judgment (Doc. 149) is **VACATED** and this case is **DISMISSED** for lack of a justiciable controversy. The Clerk of Court is **DIRECTED** to keep this matter closed.

**IT IS SO ORDERED.**

**DATED: March 11, 2024**

*/s/ Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**